UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE PRICE,

       Petitioner,                           Criminal Case Number 15-20472
v.                                          Civil Case Number 17-11365
                                             Honorable David M. Lawson
UNITED STATES OF AMERICA,

       Respondent.
_____/

## ORDER TRANSFERRING SECOND MOTION TO VACATE SENTENCE TO THE COURT OF APPEALS

On April 27 and August 7, 2017, petitioner Tyrone Price filed a motion and an amended motion to vacate his sentence under 28 U.S.C. § 2255. On December 13, 2018, the Court issued an opinion and judgment denying the motions. On February 22, 2019, long after the time for doing so had expired, Price filed an untimely notice of appeal. He subsequently filed a motion for relief from the judgment under Federal Rule of Civil Procedure 60, and he late filed a second motion to vacate his sentence under 28 U.S.C. § 2255. Because the present motion is the second attempt by the petitioner to mount a collateral attack on his sentence via 28 U.S.C. § 2255, the Court must transfer the case to the court of appeals for a determination whether the petitioner may file a successive motion. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

An individual seeking to file a second or successive motion under section 2255 must first ask the court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a defendant files a second or successive motion to vacate his sentence in the district court without preauthorization from the

court of appeals, the district court must transfer the motion papers to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."). The petitioner cannot proceed with his present motion without first obtaining permission to file a second or successive motion to vacate or correct sentence from the court of appeals. Therefore, the Clerk of Court is ordered to transfer the motion papers to the court of appeals pursuant to *In re Sims* and 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the Clerk of Court shall **TRANSFER** the petitioner's second motion to vacate his sentence (ECF No. 419) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: August 13, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 13, 2019.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI

---