UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE PRICE,

       Petitioner,                              Criminal Case Number 15-20472

v.                                                 Civil Case Number 17-11365
                                                     Honorable David M. Lawson

UNITED STATES OF AMERICA,

       Respondent.
_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR RECONSIDERATION

On April 27 and August 7, 2017, petitioner Tyrone Price filed a motion and an amended motion to vacate his sentence under 28 U.S.C. § 2255. On December 13, 2018, the Court issued an opinion and judgment denying the motions. On February 22, 2019, long after the time for doing so had expired, Price filed an untimely notice of appeal. On June 5, 2019, Price filed a motion for relief from the judgment under Federal Rule of Civil Procedure 60, and he later filed a second motion to vacate his sentence under 28 U.S.C. § 2255. Because the latter motion was the second attempt by the petitioner to mount a collateral attack on his sentence via 28 U.S.C. § 2255, the Court transferred that motion to the court of appeals for a determination whether the petitioner may file a successive motion. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). On January 13, 2020, Price also filed a motion for reconsideration of the Court's 2018 ruling denying the motion and amended motion to vacate sentence. The Court now finds that the arguments mounted in the motion for relief from judgment are without merit and the motion for reconsideration is untimely. Those motions therefore will be denied.

In his motion for relief from judgment, Price argues that the judgment should be vacated because (1) the Court violate his Due Process rights by mailing the judgment to the wrong prison,

thus causing the petitioner to lose his right of appeal because he was not timely aware that the judgment had been entered, and (2) the judgment is void because the predicate convictions of assault with a deadly weapon in aid of racketeering, 18 U.S.C. § 1959(a)(3), do not qualify as "crimes of violence" for the purposes of 18 U.S.C. § 924(c).

Federal Rule of Civil Procedure 60(b) allows the Court to relieve a party from a final judgment or order for several reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b). Rule 60(b)(6) also permits the court to grant a motion for relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, the Sixth Circuit has held that a court may grant relief under Rule 60(b)(6) "only in exceptional and extraordinary circumstances, which are defined as those unusual and extreme situations where principles of equity mandate relief." *Export–Import Bank of U.S. v. Advanced Polymer Sciences, Inc.*, 604 F.3d 242, 247 (6th Cir. 2010) (quotations omitted). In addition, "something more than one of the grounds in subsections (1) through (5)" must be shown to justify relief under Rule 60(b)(6). *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011). In any event, a party may not use Rule 60(b) "as an occasion to relitigate its case." *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004).

The petitioner has not established good grounds for relief from the judgment under any of the provisions of Rule 60(b) that conceivably could apply here. He does not point to any mistake of fact or newly discovered evidence, and he has not advanced any credible claim that the judgment

is void or has been satisfied, released or discharged. He also has not established any extraordinary circumstances to justify relief under Rule 60(b)(6).

*First*, the petitioner's argument that his underlying convictions are not satisfactory predicates for a 924(c) conviction is a non-starter. The Sixth Circuit squarely has held that a "conviction under 18 U.S.C. § 1959(a)(3) [for assault with a dangerous weapon in aid of racketeering] constitutes a 'crime of violence' within the meaning of § 924(c)(3)(A)," (the so-called elements clause of the statute), without resort to the defunct "residual clause." *Manners v. United States*, No. 17-1171, --- F.3d --- 2020 WL 130432, at *4 (6th Cir. Jan. 13, 2020).

*Second*, to the extent that the motion embodies a request to extend or reopen the time for filing a notice of appeal, it must be denied because it was filed far beyond the time in which the Court had authority either to extend or to reopen the time to appeal.

"The losing party in a civil case has a right to appeal, but the right does not last forever." *Martin v. Sullivan*, 876 F.3d 235, 236 (6th Cir. 2017). "Federal Rule of Appellate Procedure 4(a) and its statutory counterpart, 28 U.S.C. § 2107, set out a strict timetable," and "'the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.'" *Ibid.* (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). "There are only two circumstances in which the party can move the district court for more time. First, it can move for an extension under Rule 4(a)(5) based on 'excludable neglect or good cause.' Or alternatively, it can move to reopen the time to file an appeal under Rule 4(a)(6) if it did not receive proper notice of the underlying judgment." *Id.* at 237 (citing Fed. R. App. 4(a)(5)-(6); 28 U.S.C. § 2107(c)). However, "if a losing party wants more time to file an appeal, it must file a motion in the district court asking for more time," and "merely filing a notice of appeal does not amount to a motion for more time to file an appeal." *Ibid.*

If construed as a request to extend the time for appeal, the June 2019 motion is untimely because it was not filed within the grace period allowed by Federal Rule of Appellate Procedure 4(a)(5), which in no event may extend beyond 60 days after the entry of judgment (30 days after the expiration of the original 30-day deadline under Rule 4(a)(1)). "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "No extension under . . . Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). Thus, a district court acting under Rule 4(a)(5) may not under any circumstances extend the time for filing the notice of appeal beyond 30 days after the time originally prescribed by Rule 4(a)(1).

"At most . . . the district court [may] extend[] the deadline only until . . . 30 days after the original . . . deadline" for filing the notice of appeal. *Hiles v. Army Review Board Agency*, No. 16-3996, 2017 WL 7806617, at *1 (6th Cir. Aug. 23, 2017) (citing *Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 56 (2d Cir. 1997) (noting that the district court never is authorized to grant a Rule 4(a)(5) motion that was filed beyond the 30-day extension period)). "Unlike § 2107(c), . . . Rule 4(a)(5)(C) limits extensions of time to file a notice of appeal in *all* circumstances, not just in cases in which the prospective appellant lacked notice of the entry of judgment." *Hamer v. Neighborhood Housing Services of Chicago*, 138 S. Ct. 13, 19 (2017). In this case, regardless

whether the petitioner has shown good cause or excusable neglect, or when he received notice of the judgment, the Court is without power to extend the time for filing a notice of appeal beyond 60 days from the entry of judgment, or February 11, 2019. The motion filed on June 5, 2019 was not even presented to the Court until almost four months after the latest date to which an extension could have been granted. Thus the Court is without power to consider the tardy request to extend. *Martin v. Straub*, 27 F. App'x 337, 338 (6th Cir. 2001) ("Even if the reasons offered by Martin in support of his motion qualify as excusable neglect, he had only an additional thirty days to file a motion for an extension of time.").

Moreover, even if the Court generously construes the motion as one to reopen the time for filing a notice of appeal, it still could not be granted because the petitioner has not established that it was filed within the time allowed after the petitioner received notice of the judgment. If the plaintiff received "notice of the entry of the judgment earlier than 180 days after the judgment was entered, he was required to file a motion to reopen the time for appeal within [14] days after receiving notice." *Straub*, 27 F. App'x at 338 (citing Fed. R. App. P. 4(a)(6)(B)). The petitioner does not indicate anywhere in his motion for relief when he received notice of the judgment, but he must have received notice within 180 days, because his motion for relief was filed 174 days after the judgment was entered. Without knowing when notice of the judgment actually was received, the Court cannot conclude that the present motion was filed within the 14-day deadline, and the Court "has no authority to consider a motion which is not filed within Rule 4(a)(6)'s time constraints." *Ibid.* The Court therefore must deny the motion to the extent that it embodies a request to reopen the time for appeal.

Finally, the motion for reconsideration is untimely because it was filed long after the deadline for filing such a motion had expired. "A motion for rehearing or reconsideration must be

filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). The motion here was filed on January 3, 2020, more than two years after the judgment denying the motion and amended motion to vacate sentence was entered. Even allowing for the petitioner's position that notice of the judgment was delayed, he certainly was aware of the judgment at the latest in June 2019, when he filed his motion for relief from judgment. By any reckoning, the motion for reconsideration was filed well beyond the applicable deadline.

Accordingly, it is **ORDERED** that the petitioner's motion for relief from judgment (ECF No. 412) and motion for reconsideration (ECF No. 437) are **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date:   January 15, 2020

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on January 15, 2020.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

---