UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                      Case Number 15-20472

v.                                                Honorable David M. Lawson

TYRONE PRICE,

                Defendant.

_____/

## ORDER DENYING DEFENDANT'S SECOND MOTION
## FOR COMPASSIONATE RELEASE

This matter is before the Court on the defendant's second motion for a sentence reduction under the authority of the compassionate release provision of 18 U.S.C. 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. On September 10, 2020, the Court denied the defendant's first motion for compassionate release. In its prior opinion, the Court found that the defendant had shown plausibly that he had at least one personal medical factor suggesting that he faced "extraordinary and compelling" risks to his health that could justify compassionate release. However, the Court found that, despite the assumed existence of an extraordinary and compelling personal health risk, discretionary relief was not warranted because other sentencing factors under 18 U.S.C. § 3553(a) weighed heavily against granting early release. That ruling was affirmed on appeal. *United States v. Price*, No. 20-1930 (6th Cir. Mar. 3, 2021) ("Price argues that the district court abused its discretion by relying on stale juvenile convictions to conclude that he would be a danger to the community. We disagree. The district court, in considering whether a sentence reduction would account for 'the seriousness of the offense,' and the need to 'protect the public from further crimes of the defendant,' 'promote respect for the law,' and 'afford adequate deterrence to criminal conduct,' considered Price's

involvement in the violent shooting for which he was sentenced, as well as his involvement in numerous prior offenses involving firearms. 18 U.S.C. § 3553(a). Although Price was a juvenile at the time of his first two offenses in 2006, they are not stale or irrelevant to Price's dangerousness, or to the length of sentence necessary for deterrence.").

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Ibid.* "The request may come through a motion in federal court filed by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Or it may come through a motion filed by the inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier.'" *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Upon a proper motion via either avenue, the Court may, "[a]fter 'considering the factors set forth in section 3553(a) . . . reduce the prisoner's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction' or if the '[prisoner] is at least 70 years of age,' has 'served at least 30 years,' and meets certain other conditions." *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). Price relies on subparagraph (i) of the statute. Under that provision, the Court can order a reduction of a sentence, even to time served, by following a procedure that the court of appeals has distilled into three steps. *First*, consider whether "extraordinary and compelling reasons warrant such a reduction." *Second*, determine if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Third*, "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *United States v. Ruffin*,

978 F.3d 1000, 1004-06 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).  In the third step of the analysis, the Court considers the factors generally applicable to the determination of an adequate sentence under 18 U.S.C. § 3553(a), including "the need . . . to protect the public from further crimes of the defendant," "the seriousness of the offense," the need "to promote respect for the law," and the need for a sentence to "afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(A), (C).

In his present motion, the defendant argues that subsequent developments have strengthened his argument that extraordinary and compelling circumstances justify a reduction of his sentence, including the fact that his mother and daughter have serious medical conditions that require extensive daily care to ameliorate, which the defendant could provide for them if he is released from prison.  The Court has reviewed the motion and finds that the defendant has failed to make a sufficient showing to justify compassionate release, because even if he has put forth new information tending to establish extraordinary and compelling circumstances, none of the information presented calls into question the Court's previous conclusion that the relevant section 3553(a) factors weigh heavily against granting the discretionary relief of early release.

Accordingly, it is **ORDERED** that the defendant's second motion for compassionate release (ECF No. 528) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   September 9, 2021