UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE PRICE,

          Petitioner,

v.

UNITED STATES OF AMERICA,

          Respondent.
_____/

Criminal Case Number 15-20472
Civil Case Number 23-13315
Honorable David M. Lawson

## **OPINION AND ORDER DENYING FOURTH MOTION TO VACATE SENTENCE**

Petitioner Tyrone Price was charged in several counts of a multi-count second superseding indictment, along with eight co-defendants, with racketeering, attempted murder in aid of racketeering, and discharging a firearm in furtherance of a crime of violence. He pleaded guilty under a plea agreement with the government and was sentenced to 140 months in prison. He did not appeal his conviction or sentence. The Court denied the petitioner's first 2255 motion in 2018. *Price v. United States*, No. 15-20472, 2018 WL 6571222 (E.D. Mich. Dec. 13, 2018). Price tried to file an untimely appeal, which was denied. *Price v. United States*, No. 19-1184, 2019 WL 11662254, at *1 (6th Cir. May 2, 2019). He twice sought authorization to file second or successive motions, but leave was denied by the Sixth Circuit. In 2023, Price filed this, his fourth motion to vacate, which was transferred to the court of appeals by this Court. The appellate court, however, held that the fourth motion was not second or successive because the enactment of the state statute on which it was based occurred after the proceedings on all of the prior motions had concluded. *See* Order (6th Cir. Jan. 2, 2024), ECF No. 572. The fourth motion to vacate was remanded to this Court. In this latest motion and a supplement filed later, Price raises two issues: first, he says that because of Michigan's recent "Clean Slate" law, two prior state convictions for gun crimes should

not be scored in the computation of his criminal history category, and he should be resentenced under a lower sentencing guideline range; second, he argues that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c) based on a 2023 amendment to the Sentencing Guidelines, which altered the formula for assigning criminal history points for offenses committed while under judicial supervision for a prior conviction. The government filed a response opposing the first issue on the merits. It did not respond to the second issue, which is raised in Price's supplemental filing. Neither argument has merit, and the Court will deny the latest motion to vacate or alter the sentence.

I.

As stated in earlier opinions, Price was a member of a street gang known as the Vice Lords. In May 2015, Price and several other Vice Lord members attempted to kill a former gang member in Detroit. Several of the Vice Lords drove to a residence and one fired on the victim and other family members with an assault weapon. Some were injured. No one was killed.

Price was not the shooter, but he helped plan the assault and traveled to the scene with other gang members. He was charged in the firearm count as an aider and abettor.

After a round of pretrial motions, Price's attorney negotiated a plea agreement in which the government agreed to dismiss a racketeering count and two assault counts in exchange for Price's guilty plea to two other assault charges and a firearm count. The agreement capped Price's sentencing exposure at 171 months. After an extensive plea colloquy, the Court accepted Price's guilty plea on January 28, 2016. The plea agreement was accepted at sentencing on August 10, 2016. The Court calculated the applicable guideline range at 161 to 171 months, which included

a mandatory consecutive sentence of 120 months for a conviction under 18 U.S.C. § 924(c). Price was sentenced to 140 months in custody, which was below the bottom of the advisory guideline range.

As mentioned earlier, Price attacks his sentence this time on two grounds: (1) his sentence should be invalidated because two convictions used to compute his criminal history category were "set aside" under the authority of Michigan's "Clean Slate" Law, Mich. Pub. Act 193 (Oct. 13, 2020) (eff. Apr. 11, 2021); and (2) one criminal history point added for having committed the instant offense while under supervision following a custodial sentence for a prior offense would not be added if Price's guidelines were calculated under the recently revised U.S.S.G. § 4A1.1.

The government responds that Price is not entitled to relief because he has not supplied any evidence from the public record showing that his prior convictions that were used in the guideline calculation were "set aside" or "expunged" within the meaning of that term as used in the Sentencing Guidelines, and public records of the state courts still disclose the judgments of conviction for both offenses. The government also points out that a sentence that is set aside for reasons unrelated to the petitioner's innocence or legal defect in the proceedings is not considered "expunged" under the Sentencing Guidelines. *See United States v. Shor*, 549 F.3d 1075, 1078 (6th Cir. 2008) ("Shor's sentence was not expunged within the meaning of § 4A1.2(j). While Mich. Comp. Laws § 762.14(2) provides that 'the individual assigned to the status of youthful trainee shall not suffer a civil disability or loss of right or privilege following his or her release from that status because of his or her assignment as a youthful trainee,' this provision has no bearing upon the legal basis for the adjudication of his guilt. Thus, it must be counted.").

-3-

II.

A federal defendant challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). And he "must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). To obtain relief on the third type of claim covering fundamental errors of fact or law, the petitioner must demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice," and in order "[t]o meet this demanding standard, a prisoner typically must prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated." *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019) (citing *Davis v. United States*, 417 U.S. 333 (1974)) (cleaned up).

A.

At the sentence hearing, the Court found that Price had accumulated four criminal history points with a record of three groups of felonies and two misdemeanor convictions, and was placed in criminal history category III. Both sides agreed with that finding. Sentence Hr'g Tr. at 6, ECF No. 432, PageID.2274. Price argues that his sentence should be invalidated because his state court felony convictions for carrying a concealed weapon (2008), and for possessing a firearm after having been convicted of a felony and possessing a firearm in connection with a felony (2009),

-4-

are subject to automatic "expungement" under Michigan's recently enacted "Clean Slate Act" package of laws that provided for set aside of certain convictions automatically or by application. *See* Michigan Clean Slate Act Summary, https://perma.cc/EG4J-3CST (last visited May 17, 2025).

As the government points out, Price has not submitted any evidence from the public records of any state authority indicating that any of his prior convictions were either automatically or by application set aside, expunged, or otherwise nullified. The government has submitted records of the state trial courts that still publicly disclose judgments of sentence for the 2008 and 2009 convictions. *See* State Court Docket Reports dated Feb. 9, 2024, ECF No. 577-2, PageID.3366 (judgment of sentence dated Sept. 17, 2008); ECF No. 577-3, PageID.3388 (judgment of sentence dated Oct. 12, 2009). Price has not submitted any contrary evidence showing that either of his past convictions were expunged or set aside, or that the records of the convictions were removed from public view, as the Clean Slate Act requires.

The petitioner "bears the burden of proof to show that [any disputed] convictions should be excluded," from the guideline calculation, and here he has failed to do so. *United States v. Malory*, No. 22-2110, 2023 WL 7550018, at *3 (6th Cir. Nov. 14, 2023) (citing U.S.S.G. §§ 4A1.1-4A1.2). When determining a criminal history category, sentencing courts score one point for prior criminal sentences of less than 60 days and two points for prior custodial sentences of 61 days to 13 months. *United States v. May*, No. 24-3102, 2025 WL 354694, at *2 (6th Cir. Jan. 31, 2025) (citing USSG § 4A1.1(b), (c)). "To determine a defendant's criminal history score, courts consider each of a defendant's 'prior sentence[s],' including sentences for all felony offenses and all misdemeanor offenses unless subject to the exclusions found in § 4A1.2(c), or other provisions of

-5-

the Guidelines." *United States v. Malory*, No. 22-2110, 2023 WL 7550018, at *3 (6th Cir. Nov. 14, 2023) (citing USSG §§ 4A1.1-4A1.2).

"The Sentencing Guidelines expressly provide that '[s]entences for expunged convictions are not counted [when computing criminal history], but may be considered under § 4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement)).'" *Ward v. United States*, No. 24-1146, 2025 WL 1185711, at *7 (W.D. Mich. Apr. 24, 2025) (quoting USSG § 4A1.2(j)). "The commentary to § 4A1.2 provides further detail, [explaining that "expunged convictions" are] '[s]entences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted.'" *Ibid.* (quoting U.S.S.G. § 4A1.2 cmt. 6). "[W]ith respect to pardons and convictions that are set aside, the commentary states: 'A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted. § 4A1.2(j).'" *Ibid.* (quoting U.S.S.G. § 4A1.2 cmt. 10). "The Sixth Circuit has adopted the definition of 'expunge' set forth in Black's Law Dictionary, which defines 'expunge' as '[t]o erase or destroy.'" *Ibid.* (citing *United States v. Shor*, 549 F.3d 1075, 1078 (6th Cir. 2008)).

That brings us to Michigan's "Clean Slate" law, which became effective April 11, 2023. "That law automatically sets aside certain felony and misdemeanor convictions after the passage

of [specified periods of time]." *Beard v. Schiebner*, No. 23-152, 2023 WL 3991843, at *4 n.3 (W.D. Mich. June 14, 2023) (citing 2020 Mich. Pub. Act 193). Among other things, the statute provides for the automatic "set aside" of certain felony convictions "without the filing of an application" if "[t]en years have passed from . . . (i) [i]mposition of the sentence for the conviction [or] (ii) [c]ompletion of any term of imprisonment with the department of corrections for the conviction." Mich. Comp. Laws § 780.621g(2). However, "[a] conviction is not set aside under subsection (2) or (4) unless all of the following apply: (a) The applicable time period required under subsection (2) or (4) has elapsed. (b) There are no criminal charges pending in the department of state police database against the applicant. (c) The applicant has not been convicted of any criminal offense that is recorded and maintained in the department of state police database during the applicable time period required under subsection (2) or (4)." Mich. Comp. Laws § 780.621g(6). The statute further states that "[u]pon the entry of an order . . . or upon the automatic setting aside of a conviction . . . the applicant, for purposes of the law, is considered not to have been previously convicted, [but] [a] conviction that is set aside . . . may be considered a prior conviction by [a] court, law enforcement agency, prosecuting attorney, or the attorney general, as applicable, for purposes of charging a crime as a second or subsequent offense or for sentencing under sections [the Michigan Penal Code]." Mich. Comp. Laws § 780.622.

Price has not submitted any factual detail establishing that he has satisfied all of the statutory criteria for automatic set-aside of his felony convictions for gun crimes, such as showing that "[t]he applicable time period required under subsection (2) or (4) has elapsed," that "[t]here are no criminal charges pending in the department of state police database against the applicant,"

-7-

and that "[t]he applicant has not been convicted of any criminal offense that is recorded and maintained in the department of state police database during the applicable time period required under subsection (2) or (4)." Mich. Comp. Laws § 780.621g(6). In short, Price has failed to establish any entitlement to relief because he simply has not put forth any evidence supporting his assertion that his prior convictions have in fact been set aside or expunged.

Moreover, even if Price could produce some evidence demonstrating the nullification of any of his prior convictions, the automatic set-aside of convictions under the statutory authority of the state Clean Slate Act would not render the prior convictions "expunged" for the purposes of the Sentencing Guidelines, since none of the criteria for set aside of convictions under the Clean Slate provisions has any relation to either actual innocence of the crimes or to any legal defect in the proceedings rendering the prior sentences illegal or invalid.

In *United States v. Shor*, 549 F.3d 1075 (6th Cir. 2008), the Sixth Circuit explained that a criminal charge that was dismissed under Michigan's Holmes Youthful Trainee Act, Mich. Comp. Laws § 762.14, where a defendant has pleaded guilty and successfully completed a sentence of probation, should be scored when calculating criminal history under the Sentencing Guidelines because that "sentence was not expunged within the meaning of § 4A1.2(j)." *Id.* at 1078. The court explained that "[t]he Guidelines clearly distinguish between convictions of the sort at issue in this case and those that have been 'expunged.'" *Ibid.* The court found that "[t]his is consistent with the Guidelines' definition of a 'sentence' as an 'adjudication of guilt,' and with the Guidelines' underlying policy to promote nationwide uniformity in sentencing." *Ibid.* (quoting U.S.S.G. § 4A1.2 cmt. 10).

The same reasoning applies with equal force here, where the "Clean Slate" law provides for removing from public view the records of certain stale convictions, but where the statute also notably leaves intact significant collateral consequences of those convictions, and where it also excludes a person from receiving benefits such as recovery of damages or exemption from making restitution that typically would accrue to one found wholly innocent of past crimes. *See* Mich. Comp. Laws § 780.622(2)-(7). Moreover, the statute expressly states that although a qualifying conviction may be set aside under this law, such conviction "may be considered a prior conviction by [a] court, law enforcement agency, prosecuting attorney, or the attorney general, as applicable, for purposes of charging a crime as a second or subsequent offense or for sentencing under sections [the Michigan Penal Code]." Mich. Comp. Laws § 780.622. Those provisions that conserve the validity and many significant consequences of prior convictions — particularly for sentencing purposes — reinforce the conclusion that a set aside under the statute does not qualify as an "expungement" as contemplated under U.S.S.G. § 4A1.2.

Other district courts in this circuit have concluded that the set aside of a conviction under the "Clean Slate" law does not render the offense as expunged for the purposes of federal sentencing. *E.g.*, *Ward v. United States*, No. 24-1146, 2025 WL 1185711, at *7 (W.D. Mich. Apr. 24, 2025) (observing that "the order granting Defendant's application to set aside the conviction indicates that the set aside merely resulted in the case being made non-public."); *United States v. Cohen*, No. 09-20326, 2024 WL 83249, at *2 (E.D. Mich. Jan. 8, 2024) (stating that because a conviction negated under "Michigan's Clean Slate initiative . . . was set aside for reasons unrelated to innocence or legal error, it is not considered expunged for purposes of the Sentencing Guidelines

-9-

and would still count towards Defendant's criminal history if he were sentenced today"). Price has not cited any controlling or persuasive authority holding to the contrary.

In his reply, Price attempts to tack on an undeveloped argument that the state court gun crime convictions are constitutionally invalid because they violated his right to keep and bear arms under the Second Amendment. That argument is a non-starter, because it is well settled that "a federal prisoner cannot collaterally attack the validity of state convictions used to enhance his federal sentence on grounds other than the denial of the right to counsel." *Brown v. United States*, No. 21-6131, 2022 WL 18832160, at *3 (6th Cir. Sept. 15, 2022) (citing *Daniels v. United States*, 532 U.S. 374, 382-83 (2001)).

Price has not provided any valid grounds for reevaluating his criminal history score or the calculation of his sentencing guideline range.

B.

In a "supplement" to his motion to vacate, Price proposes an additional ground for relief from his sentence based on an amendment to the Sentencing Guidelines that altered the formula for assessing criminal history points due to the commission of a crime while under supervision following a prior sentence of imprisonment. Such a request typically would be presented in a motion under 18 U.S.C. § 3582(c), not a motion to vacate under 28 U.S.C. § 2255. But even under section 3582(c), Price has not established an entitlement to sentencing relief.

"In 2023, the Commission's Amendment 821 changed [the] guideline" governing the computation of a defendant's criminal history category. *United States v. Thomas*, No. 24-3421, 2024 WL 5055405, at *1 (6th Cir. Dec. 10, 2024) (citing U.S. Sentencing Comm'n, Guidelines

Manual App. C., Amdt. 821 (Part A) (Nov. 2023)). "Defendants now receive only one additional criminal-history point if they commit their current offense while subject to a prior sentence," and they "receive this additional point only if they already have at least seven criminal-history points based on their prior offenses." *Ibid.* (citing U.S.S.G. § 4A1.1(e) (2023)). "The Commission made Amendment 821 retroactive." *Id.* at *2 (citing USSG § 1B1.10(d), (e)(2), & cmt. n.7).

"District courts generally may not reconsider a sentence after they have imposed it." *Thomas*, 2024 WL 5055405, at *2 (citing 18 U.S.C. § 3582(c); *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). "But Congress has created a few exceptions to this rule. As relevant here, a district court may reduce a sentence if the Sentencing Commission later lowers the defendant's 'sentencing range' and if the reduction would comport with the sentencing 'factors' in 18 U.S.C. § 3553(a) and the 'policy statements' that the Commission has issued." *Ibid.* (citing 18 U.S.C. § 3582(c)(2)). "The applicable policy statement identifies the specific guidelines amendments (including Amendment 821) that allow defendants to seek reduced sentences." *Ibid.* (citing USSG § 1B1.10(d)). "The Supreme Court has told district courts to review motions for a reduced sentence under § 3582(c)(2) in two steps — one legal and one discretionary." *Ibid.* (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010); *United States v. Goodwin*, 87 F.4th 321, 326 (6th Cir. 2023)). "Courts should first ask whether a defendant meets the legal requirements for a reduced sentence under § 1B1.10. If so, courts should then ask whether the § 3553(a) factors justify a reduced sentence. At this second step, the statute gives district courts substantial discretion to decide whether to reduce a sentence." *Ibid.* (citations omitted).

The Court did not direct the government to respond to the supplemental filing, but in any event Price has failed to establish that he should receive relief under section 3582(c), since he has made no effort to address the factors that apply in the second (discretionary) stage of the Court's consideration of a request for sentencing relief. In an earlier motion for compassionate release under section 3582(c), the Court held that "[c]onsideration of the factors in 18 U.S.C. § 3553(a) weighs heavily in this case against granting a reduction in sentence." *United States v. Price*, No. 15-20472, 2020 WL 5440164, at *3 (E.D. Mich. Sept. 10, 2020), *aff'd*, 845 F. App'x 430 (6th Cir. 2021). Price offers nothing new in his supplemental motion to tip the balance of the Court's prior assessment of the sentencing factors. As a result, even if the Court assumes that Price is eligible for discretionary resentencing due to the 2023 guideline amendment, he has not established that the balance of factors favors discretionary sentencing relief.

### III.

Price has not shown that he is entitled to relief from his convictions or his sentence.

Accordingly, it is **ORDERED** that the petitioner's motion and supplemental motion to vacate his sentence (ECF Nos. 565, 583) are **DENIED**.

It is further **ORDERED** that the petitioner's motion to expedite the ruling on his motion to vacate sentence (ECF No. 582) is **DENIED as moot**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date:  May 21, 2025